**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, Deceased, and JOYCE BOIM,<br><br>*Plaintiffs,*<br>v.<br><br>QURANIC LITERACY INSTITUTE, *et al.*,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)    No. 05-MC-10321<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION FOR TRUSTEE PROCESS

Plaintiffs Stanley Boim, Individually and as Administrator of the Estate of David Boim, Deceased, and Joyce Boim (collectively, "Plaintiffs"), through their undersigned counsel, hereby move this Court for an order pursuant to Fed. R. Civ. P. 69, Mass. R. Civ. P. 4.2, and M.G.L. c. 246, § 1, approving trustee process of the goods, effects or credits of defendant Holy Land Foundation for Relief and Development ("HLF"), that are or may be in the possession of trustee Fidelity Investments ("Fidelity"), up to the amount of the registered judgment in Plaintiffs' favor of one hundred fifty-six million dollars ($156,000,000). As grounds for their Motion, Plaintiffs submit the Affidavit of Hobart F. Popick ("Popick Affidavit"), attached hereto as Exhibit A, which establishes the following:

1. On February 25, 2005, the United States District Court for the Northern District of Illinois, Eastern Division (the "Illinois court"), entered an amended judgment in Plaintiffs' favor in Case No. 00 C 2905 holding the defendants jointly and severally liable to the Plaintiffs in the amount of one hundred fifty-six million dollars ($156,000,000) (the "Judgment").

2.      Plaintiffs commenced this action to enforce the Judgment in the District of Massachusetts on August 25, 2005, by registering with this Court an original certified copy of the Judgment pursuant to 28 U.S.C. § 1963.

3.      The Judgment remains unsatisfied, and, on information and belief, there is no known liability insurance coverage available to satisfy the Judgment in Plaintiffs' favor.

4.      On information and belief, defendant HLF maintains one or more accounts with Fidelity that contain assets which may be available to satisfy the Judgment.

5.      Certain defendants in Case No. 00 C 2905 have filed a notice of appeal with the Illinois court, although no bond has been posted.   Notwithstanding the pending appeal, Plaintiffs have been granted leave by the Illinois court to register the Judgment for enforcement in other judicial districts, pursuant to an Order of United States Magistrate Judge Arlander Keys, dated February 18, 2005 and clarified by an order issued July 13, 2005.  (See Order, attached hereto as Exhibit B.)

6.      In a related criminal proceeding styled United States of America v. Holy Land Foundation for Relief and Development, et al., No. 3:04-CR-240-G, the United States District Court for the Northern District of Texas (the "Texas court") entered a Post-Indictment Restraining Order (the "Restraining Order") pursuant to 21 U.S.C. § 853(e)(1)(A) on September 24, 2004.  The Restraining Order, among other things, enjoins "those persons, financial institutions, or other entities who have any interest or control in the subject property," including HLF, from "attempting or contemplating any action that would affect the availability, marketability or value of … property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of the property identified in … Attachment A … ."

Attachment A, among other accounts, identifies an account owned by HLF held by Fidelity in

Boston, Massachusetts. (See Restraining Order, attached hereto as Exhibit C.)

       7.       Pursuant to a subsequent order entered on April 6, 2005, the Texas court granted

Plaintiffs limited relief from the Restraining Order, permitting Plaintiffs to:

> "(1) register their judgment in the jurisdictions where … [HLF's] bank accounts
> are located; (2) issue citations to discover assets or similar supplemental
> proceedings against those banks or others holding HLF assets; (3) obtain
> garnishment orders, writs of execution or similar orders, all of which will be
> subject to the Restraining Order; (4) take any other procedural steps mandated
> by the local rules of each jurisdiction where HLF's assets are located to perfect
> the Boims' lien on HLF's assets; and (5) take any steps necessary to obtain an
> injunction of the Boims' rights to HLF's assets as compared to other non-
> governmental claimants."

(See Order Granting the Boims' Motion for Relief From The Post-Indictment Restraining Order,

attached hereto as Exhibit D.)

       8.       Therefore, notwithstanding the pending appeal in Case No. 00 C 2905 and the

Post-Indictment Restraining Order entered by the Texas court, Plaintiffs are entitled to register

their Judgment in this judicial district and to seek an order approving trustee process so as to

secure their rights to HLF's assets held by trustee Fidelity that may be available to satisfy the

Judgment.

       9.       Rule 69 of the Federal Rules of Civil Procedure provides, in pertinent part:

> The procedure on execution, in proceedings supplementary to and in aid of a
> judgment, and in proceedings on aid an in aid of execution shall be in accordance
> with the practice and procedure of the state in which the district court is held,
> existing at the time the remedy is sought, except that any statute of the United
> States governs to the extent that it is applicable.

Fed. R. Civ. P. 69. Thus, Massachusetts state law regarding trustee process applies to the

Plaintiffs' request for an approval of trustee process in this action.

10.    Rule 4.2 of the Massachusetts Rules of Civil Procedure provides, in pertinent part:

> No trustee summons may be served unless attachment on trustee process for a specified amount has been approved by an order of the court. … [T]he order of approval may be entered only after … a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the trustee process over and above any liability insurance shown by the defendant to be available to satisfy the judgment.

Mass. R. Civ. P. 4.2.

11.    Accordingly, Fed. R. Civ. P. 69 and Mass. R. Civ. P. 4.2 grant this Court the authority to approve a trustee process of the assets of HLF held by trustee Fidelity.  In light of the unsatisfied Judgment in Plaintiffs' favor, and HLF's lack of insurance or other assets, an order approving trustee process of the goods, effects or credits of HLF that are or may be in the possession of Fidelity, up to the amount of the Judgment, is entirely appropriate and warranted.

12.    No bond is required pursuant to M.G.L. c. 246, § 1, because as set forth in the Popick Affidavit, this is an action upon a judgment.

WHEREFORE, Plaintiffs respectfully request this Court to grant the following relief:

(1)    Issue an Order in favor of Plaintiffs approving trustee process of the goods, effects or credits of HLF in the possession of the trustee Fidelity in an amount up to $156,000,000; and

(2)    Issue an Order for such other and further relief for Plaintiffs as this Court deems just and equitable.

-4-

Respectfully submitted,

STANLEY BOIM, Individually and as
Administrator of the Estate of David Boim,
Deceased, and JOYCE BOIM,

By their attorneys,


/s/ Hobart F. Popick
Hobart F. Popick (BBO # 658763)
DAY, BERRY & HOWARD LLP
One International Place
Boston, Massachusetts 02110
Dated:  September 2, 2005                    (617) 345-4600


## CERTIFICATE OF SERVICE

I, Hobart F. Popick, hereby certify that on the 2nd day of September, 2005, I caused a copy of the foregoing to be served via first-class mail upon counsel for the defendant, Holy Land Foundation for Relief and Development:  John W. Boyd, Esq., Freedman, Boyd, Daniels, Hollander, Goldberg & Cline, P.A. 20 First Plaza, Suite 700, Albuquerque, New Mexico 87102.


/s/ Hobart F. Popick
Hobart F. Popick

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STANLEY BOIM, Individually and as Administrator of the Estate of David Boim, Deceased, and JOYCE BOIM, *Plaintiffs,* v. QURANIC LITERACY INSTITUTE, *et al.,* *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

No. 05-MC-10321

### <u>AFFIDAVIT OF HOBART F. POPICK</u>

I, Hobart F. Popick, hereby depose and say as follows:

1.      I am over the age of 18 and believe in the obligations of an oath.  I am a resident of the Commonwealth of Massachusetts.

2.      I am an attorney with the law firm of Day, Berry & Howard LLP, and I am counsel for Plaintiffs Stanley Boim, Individually and as Administrator of the Estate of David Boim, Deceased, and Joyce Boim (collectively, "Plaintiffs") in the above-referenced matter.

3.      This affidavit is made in support of and submitted in conjunction with Plaintiffs' Motion for Trustee Process, filed herewith.

4.      On February 25, 2005, the United States District Court for the Northern District of Illinois, Eastern Division (the "Illinois court"), entered an amended judgment in Plaintiffs' favor in Case No. 00 C 2905 holding the defendants jointly and severally liable to the Plaintiffs in the amount of one hundred fifty-six million dollars ($156,000,000) (the "Judgment").

5.    Plaintiffs commenced this action to enforce the Judgment in the District of Massachusetts on August 25, 2005, by registering with this Court an original certified copy of the Judgment pursuant to 28 U.S.C. § 1963.

6.    The Judgment remains unsatisfied, and, on information and belief, there is no known liability insurance coverage available to satisfy the Judgment in Plaintiffs' favor.

7.    On information and belief, defendant HLF maintains one or more accounts with Fidelity that contain assets which may be available to satisfy the Judgment.

8.    Certain defendants in Case No. 00 C 2905 have filed a notice of appeal with the Illinois court, although no bond has been posted.   Notwithstanding the pending appeal, Plaintiffs have been granted leave by the Illinois court to register the Judgment for enforcement in other judicial districts, pursuant to an Order of United States Magistrate Judge Arlander Keys, dated February 18, 2005 and clarified by an order issued July 13, 2005.

9.    In a related criminal proceeding styled United States of America v. Holy Land Foundation for Relief and Development, et al., No. 3:04-CR-240-G, the United States District Court for the Northern District of Texas (the "Texas court") entered a Post-Indictment Restraining Order (the "Restraining Order") pursuant to 21 U.S.C. § 853(e)(1)(A) on September 24, 2004. The Restraining Order, among other things, enjoins "those persons, financial institutions, or other entities who have any interest or control in the subject property," including HLF, from "attempting or contemplating any action that would affect the availability, marketability or value of ... property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of the property identified in ... Attachment A ... ."

Attachment A, among other accounts, identifies an account owned by HLF held by Fidelity in

Boston, Massachusetts.

10.    Pursuant to a subsequent order entered on April 6, 2005, the Texas court granted

Plaintiffs limited relief from the Restraining Order, permitting Plaintiffs to:

> "(1) register their judgment in the jurisdictions where ... [HLF's] bank accounts
> are located; (2) issue citations to discover assets or similar supplemental
> proceedings against those banks or others holding HLF assets; (3) obtain
> garnishment orders, writs of execution or similar orders, all of which will be
> subject to the Restraining Order; (4) take any other procedural steps mandated
> by the local rules of each jurisdiction where HLF's assets are located to perfect
> the Boims' lien on HLF's assets; and (5) take any steps necessary to obtain an
> injunction of the Boims' rights to HLF's assets as compared to other non-
> governmental claimants."


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 2nd DAY OF

September, 2005.

_____
Hobart F. Popick

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

STANLEY BOIM, Individually and as Administrator
of the Estate of David Boim, Deceased, and JOYCE
BOIM,

       Plaintiffs,

  v.

QURANIC LITERACY INSTITUTE, *et al.*,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)

Civil No. 00 C 2905

Magistrate Judge Arlander Keys

## ORDER

This cause coming to be heard on Plaintiffs' Motion For Clarification of This Court's

Prior Order Granting Plaintiffs Leave to Register Their Judgment In Other Districts, due notice

having been given and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1. 28 U.S.C. § 1963 allows this Court, upon a showing of good cause, to grant

plaintiffs leave to register their judgment for enforcement in other judicial districts while an

appeal is pending.

2. The defendants lack sufficient assets within this judicial district to satisfy the

judgment against them but have substantial assets in other judicial districts.

3. This Court finds that good cause exists under 28 U.S.C. § 1963 to allow plaintiffs

to register their judgment in this matter for enforcement in other judicial districts.

4. Plaintiffs are hereby granted leave to register their judgment in this matter for

enforcement in other judicial districts.

5. The pending appeals of certain defendants in this matter do not preclude plaintiffs

from registering their judgment.

6. The office of the Clerk of the United States District Court for the Northern District of Illinois is directed to issue all paperwork necessary to certify plaintiffs' judgment, including a Certificate of Judgment for Registration in Another District (AO 451).

Arlander Keys, 7/13/05
ARLANDER KEYS
UNITED STATES MAGISTRATE JUDGE

**SERVICE LIST**
*BOIM, et al., v. QLI, et al.*
Civil No. 00 C 2905

**_Co-Counsel for Plaintiffs_**

Nathan Lewin, Esq.
Alyza D. Lewin, Esq.
LEWIN & LEWIN LLP
1828 L Street, N.W.
Suite 1000
Washington, DC 20036
PH: 202-828-1000
FX: 202-828-0909
nat@lewinlewin.com
alyza@lewinlewin.com

John M. Eubanks, Esq.
MOTLEY RICE, LLC
1615 L Street, N.W.
Suite 300
Washington, DC 20036
PH: 202-207-2920
jeubanks@motleyrice.com

**_Counsel for Defendant, HLF_**

John W. Boyd, Esq.
Nancy Hollander, Esq.
John Cline, Esq.
Zachary A. Ives, Esq.
FREEDMAN, BOYD, DANIELS, HOLLANDER,
   GOLDBERG & CLINE, P.A.
20 First Plaza, Suite 700
Albuquerque, NM 87102
PH: 505-842-9960
FX: 505-842-0761
jwb@fbdlaw.com

**_Counsel for Defendants, AMS (d/b/a IAP) and IAP_**

James R. Fennerty, Esq.
JAMES R. FENNERTY & ASSOCIATES, LLC
36 South Wabash Avenue, Suite 1310
Chicago, IL 60603
PH: 312-345-1704
FX: 312-422-0708
jfennerty@aol.com

Brendan Shiller, Esq.
LAW OFFICE OF BRENDAN SHILLER
36 South Wabash Avenue, Suite 1310
Chicago, IL 60603
PH: (312) 332-6462
FX: (312) 422-0708
shillerlaw@aol.com

**_Counsel for Defendant, QLI_**

John M. Beal, Esq.
53 West Jackson Boulevard
Suite 1108
Chicago, IL 60604
PH: 312-408-2766
FX: 312-408-2765
johnbeal@mcleodusa.net

**_Counsel for Defendant Muhammad Salah_**

Mary M. Rowland, Esq.
Matthew J. Piers, Esq.
Frederick S. Rhine, Esq.
GESSLER HUGHES SOCOL PIERS RESNICK
   & DYM, LTD.
Three First National Plaza, Suite 4000
Chicago, IL 60602
PH: 312-580-0100
FX: 312-580-1994
mrowland@ghsltd.com

**_Counsel for Defendant, UASR_**

Ashraf Nubani, Esq.
BUSCH & NUBANI, P.C.
5029-A Backlick Road
Annandale, VA 22003
PH: 703-658-5151
FX: 703-658-9200

Zuhair Nubani, Esq.
NUBANI & ASSOCIATES
30 North LaSalle Street
Suite 2850
Chicago, IL 60602
PH: 312-845-1006
FX: 312-845-1007

Stanley Cohen, Esq.
LAW OFFICES OF STANLEY COHEN
119 Avenue D
Third Floor
New York, NY 10009
PH: 212-979-7572

**_Counsel for Defendant, AMELP_**

Omar M. Ahmad
2713 Gentry Court
Santa Clara, CA 95051-1746

1495048-1

**EXHIBIT C**



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

———————————————

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
SEP 2 4 2004
CLERK, U.S. DISTRICT COURT
By ———————————
     Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | NO. 3:04-CR-240-G |
| v. | § | |
| | § | |
| HOLY LAND FOUNDATION FOR | § | |
| RELIEF AND DEVELOPMENT (1) | § | |
| also known as the "HLF" | § | |
| SHUKRI ABU BAKER (2) | § | |
| MOHAMMAD EL-MEZAIN (3) | § | |
| GHASSAN ELASHI (4) | § | |
| HAITHAM MAGHAWRI (5) | § | |
| AKRAM MISHAL (6) | § | |
| MUFID ABDULQADER (7) | § | |
| ABDULRAHAM ODEH (8) | § | |

## POST-INDICTMENT RESTRAINING ORDER

The United States has made an *ex parte* application to this Court, pursuant to 21

U.S.C. § 853(e)(1)(A), for a restraining order to preserve the availability of certain

property that is subject to forfeiture in the above-styled criminal action. Upon

consideration of the Government's application and the indictment of the HLF, it appears

to the Court that there is reasonable cause to enter a restraining order to preserve the

subject property based upon the following:

1. That a federal grand jury of this district has returned an indictment against the
HLF and others on charges of money laundering, in violation of 18 U.S.C. § 1956.
Furthermore, the indictment alleges criminal forfeiture under 18 U.S.C. § 982 of
certain property identified in Attachment A of the Government's application, in
addition to other property, in which the HLF holds an interest. Attachment A of
the Government's application is hereby incorporated as part of this Restraining
Order.

Certified a true copy of an instrument
on file in my office on ___9/24/04___
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

☑012

09/24/04  FRI 16:34 FAX 214 767 2846         US ATTORNEY DALLAS

2. That the federal grand jury's indictment of the HLF establishes sufficient probable cause for the issuance of this Restraining Order.

3. That in the event the HLF is convicted of the charges alleged in the indictment, the subject property would be subject to forfeiture under 18 U.S.C. § 982.

4. That the need to preserve the availability of the subject property through the entry of the order requested herein outweighs the hardship on any party against whom the order is to be entered.

5. That any third party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That, effective immediately, the HLF, its agents, servants, employees, attorneys, family members and those persons in active concert or participation with the HLF, and those persons, financial institutions, or other entities who have any interest or control over the subject property are hereby

RESTRAINED, ENJOINED AND PROHIBITED, without prior approval of this Court, and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of the property identified in governments Attachment A to its application.

IT IS FURTHER ORDERED that any financial institutions holding any accounts subject to this Order shall take no offsets against such accounts. They shall continue to credit

any deposits, interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order.  In addition, upon receiving notice of this Order, each financial institution shall promptly inform the Government as to the account balances at the time of notice, and shall thereafter supplement such information by reporting to the Government any changes to the accounts, and by responding promptly to requests by the Government for information on the accounts' current status.

IT IS FURTHER ORDERED that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property.

IT IS FURTHER ORDERED that any Subject of this Order shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1) as an alternative to the restraint of the subject property.  After notice to the United States and an opportunity to be heard, the Court shall determine whether any proposed bond is a satisfactory performance bond.

IT IS FURTHER ORDERED that the U.S. Marshal or the Secretary of Treasury, or their designee, shall promptly serve a copy of this Restraining Order upon the HLF and the institutions identified in the incorporated Attachment A to the Government's application, and shall a make a return thereon reflecting the date and time of service.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

DONE this the ___24___ day of ___September___, 2004.

_____
A. Joe Fish
Chief United States District Judge

# ATTACHMENT A

| Holy Land Foundation Accounts: | | |
|---|---|---|
| **BLOCKING BANK** | | **ACCOUNT NUMBER** |
| Morgan Stanley<br>New York, NY | | 115020379 |
| Morgan Stanley - Discover Merchant payment | | 601101755229737 |
| Fidelity<br>Boston, MA | | 67287881 |
| Hudson United Bank<br>Mahweh, NJ | New account consolidating balances | 4800585611<br>0220001581<br>0220001578<br>2640001218<br>4741822543 |
| Bank of America - San Diego | | 2467302215<br>2467402205 |
| Bank of America - Texas | | 004793910131 |
| Bank of America - Florida<br>all Bank of America accounts handled out of Concord, CA | | 003871555929 |
| Chase Bank of Texas<br>all Chase accounts handled out of New York, NY | | 36006302467<br>36006302475 |
| Standard Bank and Trust<br>Hickory Hills, IL | New account consolidating balances | 5402299001<br>5400954003<br>5400955000 |
| Saturna Capital<br>Bellingham, WA | | 12707-0011<br>12707-0010<br>Retirement accounts |
| North American Islamic Trust<br>Burr Ridge, IL | | 78352<br>78343 |
| MSI Housing Fund<br>Houston, TX | | HF-109 |
| Citibank<br>all Citibank accounts handled out of New York, NY | Akin-Gump Escrow | 15118754 |
| Republic National Bank of NY (HSBC)<br>New York, NY | | 668033509 |

# EXHIBIT D



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR - 6 2005

CLERK, U.S. DISTRICT COURT
By_____
           Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-240-G |
| | ) | |
| HOLY LAND FOUNDATION FOR | ) | |
| RELIEF AND DEVELOPMENT, *et al.*, | ) | |
| Defendants. | ) | |

**ORDER GRANTING THE BOIMS' MOTION FOR RELIEF
FROM THE POST-INDICTMENT RESTRAINING ORDER**

This Court having considered The Boims' Motion For Relief From The Post-Indictment Restraining Order is of the opinion that the Motion has merit and therefore should be granted.

Therefore, IT IS HEREBY ORDERED that Stanley Boim, individually and as administrator of the estate of David Boim, deceased, and Joyce Boim (collectively, "the Boims") are granted relief from the Restraining Order issued by this Court on September 24, 2004. The Boims may therefore: (1) register their judgment in the jurisdictions where the Holy Land Foundation For Relief and Development's ("HLF") bank accounts are located; (2) issue citations to discover assets or other similar supplemental proceedings against those banks or others holding HLF assets; (3) obtain garnishment orders, writs of execution or other similar orders, all of which will be subject to the Restraining Order; (4) take any other procedural steps mandated by the local rules of each jurisdiction where HLF's assets are located to perfect the Boims' lien on HLF's assets, and (5) take any steps necessary to obtain an adjudication of the Boims' rights to HLF's assets as compared to other non-governmental claimants.

APR - 6 2005

_____
DISTRICT COURT JUDGE